RUDDEROW'S EXECUTRIX *vs.* NIELD and wife.

A power to sell all or any portion of testator's residuary real estate, at the discretion of his executors, *held* not to be affected as to a share thereof, by a devise of that share, the testator having evidently intended that the share should be subject to the power.

---

Bill for specific performance. On final hearing on bill and answer.

*Mr. W. P. Douglass*, for complainant.

*Mr. Peter Bentley*, for defendants.

THE CHANCELLOR.

The will of John Rudderow, deceased, dated March 6th, 1867, contains the following gifts and directions: "First. I

give and devise unto my son, Edward S. Rudderow, the dwelling-house, and lot of land and premises wherein he now resides, situate on the easterly side of Grove street, in Jersey City, in the county of Hudson aforesaid, and now known by the street number one hundred and forty (140), and being the house and premises next north of and adjoining the house and premises situate on the northeasterly corner of Grove and York streets, in Jersey City aforesaid, to have and to hold the same unto him, his heirs and assigns, to his and their own proper use, benefit and behoof, forever.

" Second. I order and direct all my just debts and expenses to be fully paid and satisfied, as soon as conveniently can be after my decease.

" Third. All the rest and residue of my estate, real and personal, I dispose of as follows, viz.: The equal one-third part thereof I give, devise and bequeath unto my beloved wife, Ann B. D. Rudderow, to have and to hold the same unto her own proper use, benefit and behoof, for and during the term of her natural life, in lieu of her dower in my estate. The other two equal third parts thereof, and, also, the remainder of the former third thereof, after the termination of my said wife's interest therein, I divide into five equal shares, and one of said shares I give, devise and bequeath unto my said son, Edward S. Rudderow, in addition to the said dwelling-house, and lot of land and premises hereinbefore devised to him, to have and to hold the same unto him, his heirs, executors, administrators and assigns, to his and their own proper use, benefit and behoof forever; and the four other shares thereof, I give, devise and bequeath unto my executrix and executors hereinafter named, and to the survivors and survivor of them, in trust, nevertheless, to collect and receive the rents, issues and profits of the real estate, and the interest and income of the personal estate, and to pay over the same unto my four daughters, viz.: Emma Louisa, Catharine Ann, Geraldine Hull, and Fanny Fowler, in equal proportions, share and share alike, during the term of their natural lives, respectively; and in case of the death of either of my said

daughters, leaving lawful issue her then surviving, to pay over and convey the share so held in trust for said daughter so dying, in both the principal and income thereof, to such issue so surviving; and in case of the death of either of my said daughters without leaving lawful issue of her then surviving, to pay over and convey the share so held in trust for said daughter so dying, in both the principal and income thereof, to her brother, my son, the said Edward S. Rudderow, and to her sisters, my said daughters, then living, and to the lawful issue of any such sister who may have died before her leaving lawful issue, such issue to take its mother's share therein.

"Fourth. I give full power and authority to my executrix and executors hereinafter named, and to the survivors and survivor of them, at any time in their discretion, to grant, sell and convey my real estate, and any part or portion thereof, except the said dwelling-house, and lot of land, and premises numbered one hundred and forty, Grove street, hereinbefore devised to my said son, Edward S. Rudderow, and to execute and deliver good and sufficient deeds of conveyance for the same in fee simple, and to receive the purchase money and give receipts for the same; and the purchaser or purchasers thereof having paid, or secured to be paid the said purchase money, shall not be held responsible for the proper application thereof; and I do order and direct my said executrix and executors to invest so much of the said purchase money as shall be derived from the shares of my said wife and daughters in said real estate so sold, and, also, in their shares of my personal estate, in good and sufficient securities on bond or mortgage, or otherwise, at their discretion, and to pay over the interest and income thereof, and, also, the principal thereof, whether derived from real or personal estate, as is herein above mentioned; and I also hereby authorize and empower my said executrix and executors, and the survivors and survivor of them, in their discretion, to pay over to my said daughters any part of the principal from which the income herein above appropriated to my said daughters is derived, anything hereinbefore contained to the contrary notwithstanding, if they,

my said executrix and executors, or the survivors or survivor of them, shall think proper so to do."

In 1874, the will was proved by Ann Rudderow, the widow, and Edward S. Rudderow, the son of the testator. The latter died in January, 1875, without having aliened or encumbered in any way his interest in the residue of his father's estate. The defendant, Margaret Nield, on or about the 1st of April, 1875, purchased of the complainant, Ann Rudderow, as surviving executrix of the will, a lot of land in Hudson county, which constituted part of the residue of the estate, and an agreement in writing between the latter and the defendants was made accordingly. The bill is filed to compel specific performance of that agreement, and the question is, whether the surviving executrix has power to convey the title to the interest given by the will to Edward S. Rudderow, in the land which is part of the residue. The defendants' counsel insists that because the debts have been paid out of the personal estate, and there is, therefore, no occasion for recourse to a sale of real estate on that account, the power of sale in the will is at an end, so far as the interest given to Edward is concerned.

The power of sale was not given with reference to the payment of the debts, but with reference to the investment of so much of the residue as was real estate. The testator evidently intended that the share of Edward should be subject to that power. This is shown by the language of the power, which includes in terms all the testator's real estate, with the single exception of the house and lot specifically devised to Edward. It is evidenced by that exception itself also, which, notwithstanding Edward's interest in the residue, is confined to the land specifically given to him; and it is further shown by the express and distinct provision made for the investment of the shares of the widow and daughters, out of the proceeds of such real estate as might be sold pursuant to the power, and the consequent separation of those shares therefrom, and, therefore, from Edward's share thereof, which would be derived from the sale of his interest. Edward's interest in

the real estate comprised in the residue, was held by him in his lifetime, and since his death, has been held by his widow and children, subject to the power of sale. 1 *Redfield on Wills* 450, 451; *Bacot* v. *Wetmore,* 2 *C. E. Green* 250; *Wetmore* v. *Midmer,* 6 *C. E. Green* 242.

The defendant, Margaret, will be decreed to perform her contract specifically.